# EDUARDO RIOS

*v.*

# CAGUAS TRAMWAY COMPANY.

San Juan, Law, No. 660.

1. Under the terms of the national employers' liability act of April 22, 1908 (35 Stat. at L. 65, chap. 149, U. S. Comp. Stat. Supp. 1909, p. 1171), a complaint is seldom demurrable if it at all substantially complies with the provisions of that act.
2. Whether the act in question can be held to be constitutional in the several states of the Union, it is not subject to such objection in a territory or dependency such as Porto Rico, as to which Congress has supreme power regarding legislation.

Opinion filed November 12, 1909.

*Messrs. Sweet & Wilcox,* attorneys for the plaintiff.

*Mr. H. F. Hord,* attorney for the defendant.

RODEY, Judge, delivered the following opinion:

This case is before us on the issue raised by the demurrer of the defendant to the complaint. It is a suit under § 2 of the national employers' liability act of April 22, 1908 (35 Stat. at L. 65, chap. 149, U. S. Comp. Stat. Supp. 1909, p. 1172),

Rios v. Caguas Tramway Co.

by a trackman of defendant's railroad for an injury he alleges he received by the negligence of the defendant. His complaint sets out that, in the course of the performance of his duty, he was riding on a hand car which was in charge of one of defendant's foremen, and that the latter negligently permitted the hand car, while going down a steep grade, to attain such speed as to be beyond control, and that the car encountered an obstruction without any fault on the part of plaintiff, and threw him off and injured him severely.

The demurrer is on the ground that it appears from the complaint that the obstruction on the track, which it is not alleged that defendant placed there, is the proximate cause of the injury, and that therefore there is no liability on the part of defendant.

We understand that this national employers' liability act as to the States has been held unconstitutional in the state of Connecticut, and has been sustained as constitutional in the state of Ohio. The newspaper that gave us this information did not name the courts wherein this was held, but no matter whether the law can be held to be in force in the several states of the Union or not, it is certainly in force in the territories and "other possessions of the United States," as set out in § 2 thereof, because Congress is the supreme lawmaking power as to such localities.

Whilst we have not given this act of Congress the thought and consideration that it will no doubt soon receive at the hands of the courts throughout the nation, it is our offhand view, judging from the provisions it contains, that a complaint drawn under it with any degree of care will seldom if ever be demurrable, and that nearly all cases will have to go to a jury on the facts.

We are satisfied that the complaint, as written in this case, is not subject to demurrer, whatever may be the right of the defendant to demur to the evidence at the trial, should it prove to be insufficient. The demurrer will therefore be overruled, and an order to that effect will be entered.